## ZENAS LATHROP vs. JAMES COOK.

An action of *replevin* cannot be maintained by the owner of goods against an officer, who had returned an attachment thereof on a writ against a third person, but had not taken them into his possession, and where the plaintiff in replevin had the actual possession at the time of the attachment, and retained it until after the commencement of his suit; although the plaintiff had given a receipt to the officer, promising to return the goods to him on demand, but containing no admission that the property was not in himself.

Where the owner of goods, which were returned by an officer as attached upon a writ against a third person, retains them in his own possession, and gives to the officer a receipt, promising to deliver the goods to him on demand, but containing no admission that they were the property of such third person ; proof that the goods were his property furnishes a valid defence to the owner, in an action against him on the receipt.

EXCEPTIONS from the Court of Common Pleas, *Smith J.* presiding.

The action was *replevin* for a pair of oxen. The defence was, that he did not take the oxen, and that they were not the property of the plaintiff. The property of the plaintiff in the oxen was fully proved, and that the defendant, as a deputy sheriff, had attached them, as the property of one *Harding*, on a writ against him in favor of one *Libby*. It was also proved, that the oxen were in the possession of the plaintiff, when they were attached by the defendant, and were never removed, and continued in the plaintiff's possession until and at the time this writ of replevin was brought. When the defendant returned the oxen, as attached, on the writ, the plaintiff gave a receipt for them of which a copy follows. " *Lincoln ss. May* 14, 1835. Received of *James Cook*, deputy sheriff, one yoke of oxen to the value of fifty dollars which I promise to deliver to said *Cook* on demand free of expense, the same being attached by him." The defendant made a demand upon the plaintiff for the oxen. The Judge instructed the jury, that the action could not be sustained, if they were satisfied, that the plaintiff was in possession of the property at the time of the attachment and to the time they were replevied ; whereupon the plaintiff submitted to a nonsuit, with leave to file exceptions.

*Harding*, for the plaintiff, contended, that replevin will lie against an officer for chattels attached by him in favor of any person other

than the one as whose property they were attached. *Statute* of 1821, *ch.* 80, § 4; *ib. ch.* 60; 17 *Mass. R.* 606; 5 *Mass. R.* 280; *ib.* 304.

Where an officer attaches property, and sets a keeper over it, or takes a receipt for it, it is not necessary to remove it, and the attachment is good. 12 *Mass. R.* 497; 16 *Johns. R.* 288; 1 *Wend.* 210. The lien created by the attachment was not dissolved by taking the receipt, and the attachment is good, if the property is not removed. He cannot now say, that he has not attached and taken the oxen. 7 *Greenl.* 178; 10 *Pick.* 166; 10 *Mass. R.* 125. Trespass would lie here, and where trespass can be maintained for property attached replevin may be also. 6 *Halsted*, 370; 1 *Wend.* 109. The officer by the attachment deprived the plaintiff of the use of the oxen.

*Bulfinch*, for the defendant.

This is an action of *replevin* brought by the plaintiff to take the oxen out of his own hands. To maintain this action the defendant must have both taken and detained the property; and he has done neither. If the return of the officer is an estoppel against the defendant, the receipt is against the plaintiff. The case cited on the other side, 10 *Pick.* 166, shows that an action will not lie for the property by an owner for a mere return of it upon the writ. When the defendant attempts to take the oxen out of the hands of the plaintiff, it will be soon enough for him to interfere.

After a continuance, the opinion of the Court was prepared by

SHEPLEY J. — The object of the writ of replevin is to redeliver goods and chattels, or to restore the possession of them, to the person who has the general or special property in them. The statute prescribing the forms of writs, *ch.* 63, *sec.* 8, requires the allegation to be made in the writ of replevin, not only that the defendant took the goods, but that he has " them unlawfully detained to this day." It appears from the bill of exceptions, that the defendant never had the actual possession of the goods alleged in the writ to have been detained by him, but that the plaintiff, at the time of the attachment and ever since, has had the possession of them. The plaintiff, having receipted for the goods, as attached by the defendant, might ordinarily be regarded as holding them as the servant of the

defendant, who would, in contemplation of law, have possession. But in this case the plaintiff has proved, that he was the owner of the property, and that the attachment was made wrongfully. Under such circumstances the defendant cannot be regarded as having the constructive possession by his wrongful act, unless he has the legal right to obtain possession. He can have no such legal right unless it arises out of the receipt of the plaintiff. The terms of the receipt are not in the usual form; and the plaintiff does not therein admit, that the property was in the person against whom the attachment issued, or that it was in any third person. He has not thereby disenabled himself to allege and prove it to have been his own property. To maintain this suit the defendant must be proved to have been in the actual or constructive possession of the goods.

In a suit upon the receipt, by the defendant against the plaintiff, he may prove, that the property receipted for was not the property of the debtor, and that it has been restored to the owner; and the defence will be good.    13 *Mass. R.* 224, *Larned* v. *Bryant et al.*

This Court has expressed its approbation of that case; and when speaking of the claims of the creditor, debtor and owner, upon the attaching officer, says, " and if the true owner should call on him for it, he might defend himself by proving, that such true owner had already the property in his possession, or had availed himself of its proceeds, or in some way appropriated it to his own use and benefit."    8 *Greenl.* 122, *Fisher* v. *Bartlett et al.*   Such proof has been offered in this case; the plaintiff being the true owner, has always had the possession, which cannot be legally disturbed by the defendant.

The plaintiff failing to prove any such unlawful detention, either actual, or constructive, as the statute requires, cannot maintain this suit.

   *The exceptions are overruled, and the nonsuit is confirmed.*